## DILLINGHAM v. HAWK.

(Circuit Court of Appeals, Fifth Circuit. February 27, 1894.)

### No. 149.

JUDGMENT AGAINST RECEIVER—OPERATION AND EFFECT.

    Under Act Cong. March 3, 1887, which declares that every receiver appointed by a federal court may be sued without previous leave of that court, but that "such suits shall be subject to the general equity jurisdiction of the court in which such receiver was appointed so far as the same shall be necessary to the ends of justice," a judgment rendered against such a receiver by a state court in an action at law is conclusive as to the existence and amount of the plaintiff's claim, but the time and manner of its payment are to be controlled by the court appointing the receiver.

Appeal from the Circuit Court of the United States for the Eastern District of Texas.

Petition by Leona P. Hawk against Charles Dillingham, receiver of the Houston & Texas Central Railway Company, to have a judgment recovered by her against such receiver paid out of the estate in his hands. There was a decree granting the prayer of the petition. The receiver appeals.

F. M. Etheridge, for appellant.

R. S. Neblett, for appellee.

Before PARDEE, Circuit Judge, and LOCKE and TOULMIN, District Judges.

TOULMIN, District Judge. On October 20, 1890, appellee recovered in the district court of Navarro county, Tex., against appellant, as receiver of the Houston & Texas Central Railway Company, judgment for $2,500, with interest and costs. On February 3, 1891, appellee filed, in consolidated cause No. 198, entitled "Nelson S. Easton and James Rintoul, Trustees, et al., vs. The Houston & Texas Central Railway Company et al.," then pending in the circuit court of the United States for the eastern district of Texas, wherein appellant had been appointed as such receiver, her petition of intervention, based upon the aforesaid judgment rendered in her favor by the said district court of Navarro county, Tex., praying that said receiver be ordered to pay the same. Said petition was on February 12, 1891, referred to the special master for examination and report. On January 14, 1892, the special master reported that the said district court of Navarro county was without jurisdiction to render the aforesaid judgment, and that same was void. To such report appellee excepted—

"Because it appears from the records of this cause, and from the report of the master, that intervener's cause of action accrued against defendant after the passage of the act of congress of March 3, 1887, and that she instituted her suit in the district court of Navarro county, Tex., and recovered the judgment she now seeks to enforce October 20, 1890, which judgment has never been reversed nor appealed from, and is in full force and effect, and neither the master nor this court can now inquire into the facts on which such judgment was rendered."

The said circuit court sustained appellee's said exception, holding that the aforesaid judgment declared upon by her was final and conclusive, and decreed accordingly. Appellant's assignments of error are as follows:

"(1) The trial court erred in holding that the judgment obtained by intervener in the district court of Navarro county, Tex., and made the basis of her intervention herein, was conclusive, and in sustaining the exceptions of intervener to the report of the master, which set forth all the testimony adduced upon the hearing before the master. (2) The trial court erred in rendering judgment for intervener, and not rendering judgment in favor of defendant, in that intervener's judgment, which formed the basis of her intervention, was not conclusive, but only prima facie, and the facts adduced before, and reported by, the master, showed that such judgment was inequitable, unconscionable, against and without evidence to support it, and the facts so reported by the master imperatively demanded judgment for the defendant."

The sole question presented for our decision is raised by appellant's first assignment of error. That question is whether the judgment obtained by the appellee in the state court was conclusive upon the federal court, or only advisory to it. The contention of appellant is that all judgments obtained against a receiver in suits at law are but the trial of issues out of chancery, and are not conclusive on the court appointing the receiver. We cannot agree

with this contention. The trial of an issue out of chancery is where the chancery court directs an issue to be tried by a jury. "It is intended to inform the conscience of the chancellor," or to aid him where there is great difficulty in deciding upon the facts of a case. The order of a chancellor directing the issue at law is discretionary. In such case the verdict of the jury is only advisory, and never conclusive upon the court. The court renders the decree, but in doing so may disregard the finding of the jury, and render a decree contrary to it. 2 Daniell, Ch. Pr. p. 1071; 1 Fost. Fed. Pr. § 305; Watt v. Starke, 101 U. S. 247; Kohn v. McNulta, 147 U. S. 238, 13 Sup. Ct. 298. As said by Mr. Greenleaf in his work on Evidence, in section 262, vol. 3:

"It is only where no right of the party is recognized by law, and where the resort to a jury is left to the discretion of the judge, in aid of his own judgment, that he is at liberty to disregard the finding of the jury, or to determine the facts for himself."

Such is not this case. The court whose receiver appellant was did not direct the issue on which appellee's judgment was obtained to be tried by a jury, and did not render the judgment thereon. The suit in which the judgment was obtained was not instituted by leave of the court, but was brought as a matter of right,—a right conferred by the act of congress of March 3, 1887, which provides that every receiver appointed by any court of the United States may be sued without the previous leave of the court. Prior to that act of congress the rule was that a receiver could not be sued without leave of the court of equity which appointed him. That act abrogates the old rule. The court now has no discretion to say when its receiver may be sued. The act of congress gives the right without condition or qualification. It gives the right to sue the receiver in any court having jurisdiction of the subject-matter and of the parties. The counsel for appellant concedes that the act referred to gave appellee "an absolute, unqualified, and indisputable right of trial by jury, and in the forum of her own selection." She selected the state court, and the proceeding therein was on a legal claim, and was purely a common-law proceeding. It had no element of equitable jurisdiction in it. The suit was to recover damages for a personal injury caused by the negligence of the receiver, or his agents, in operating a railroad as a common carrier. On such a cause of action a receiver can be sued in any court of competent jurisdiction. Central Trust Co. v. St. Louis, A. & T. Ry. Co., 40 Fed. 426, 41 Fed. 551; Dillingham v. Russell, 73 Tex. 50, 11 S. W. 139. If, then, the right of trial by jury was given by the act of congress, it was given subject to the constitutional provision that "no fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rules of the common law." Const. U. S. Amend. 7. In Parsons v. Bedford, 3 Pet. 446, the court says, in speaking of this provision of the constitution:

"This is a prohibition to the courts of the United States to re-examine any facts tried by a jury in any other manner. * * * The only modes known to the common law, to re-examine such facts, are the granting of a new trial by the court where the issue was tried, or to which the record was properly

returnable, or the award of a venire facias de novo by an appellate court for some error of law which intervened in the proceedings."

In the case of Justices v. Murray, 9 Wall. 274, the supreme court says that the provision in the seventh amendment of the constitution of the United States which declares that "no fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rules of common law" applies to the facts tried by a jury in a cause in a state court. The claim on which appellee's judgment was obtained was a legal, not an equitable, demand. It was adjudicated in the state court of Texas, wherein appellant, being duly served with process, appeared as defendant, and contested the same. The federal court having no appellate or supervisory jurisdiction over such proceedings, it cannot re-examine the facts constituting the cause of action on which the judgment was rendered, or annul, vacate, or in any manner modify, the judgment. Central Trust Co. v. St. Louis, A. & T. Ry. Co., supra.

But, it is said that, while the act of congress grants leave to sue, it expressly provides that "such suits shall be subject to the general equity jurisdiction of the court in which such receiver was appointed so far as the same shall be necessary to the ends of justice;" and it is contended that this provision of the act precludes any departure from the established chancery practice. It is true that the act does contain such provision. But considering it in the light of, and as in harmony with, the seventh amendment of the constitution of the United States, we must construe it as applying only to suits which seek to interfere with the receiver's possession of property, and to process the execution of which would have that effect; any process, whether for the recovery of such property, or for the enforcement and collection of a judgment out of it. These shall be subject to the control of the court appointing the receiver, so far as the ends of justice may require. The time when, and the manner in which, a judgment against the receiver shall be paid; the adjustment of equities between all persons having claims against the property in his hands; the just distribution of the funds according to the rights of the several parties interested in it,—all must necessarily be under the control of the court having custody of the property by its receiver, and shall be subject to its general equity jurisdiction. Dillingham v. Russell, supra. This, we think, is the true meaning of the statute referred to. We can perceive no other reasonable interpretation of it. Any other interpretation would impute to congress a very useless act. We agree with the learned judge who pronounced the opinion in the case of Central Trust Co. v. St. Louis, A. & T. Ry. Co., supra, when he says that "the right to sue the receiver in the state court would be of little utility if its judgment could be annulled or modified at the discretion of this [federal] court," to which it is presented as a claim against the fund or property in the hands of the receiver. The judgment of the state court is conclusive as to the existence and amount of the appellee's claim, but the time and manner of its payment must be controlled by the court appointing the receiver. A judgment may be complete and perfect, and have full effect, independent of the right to issue

execution. Mills v. Duryee, 7 Cranch, 481. The decree of the circuit court is in accordance with the views expressed in this opinion, and it is affirmed.

PARDEE, Circuit Judge. I concur with the conclusion reached, but not with all the reasoning of the majority.