WELSBACH LIGHT CO. v. UNION INCANDESCENT LIGHT CO.

(Circuit Court of Appeals, Second Circuit. April 3, 1900.)

No. 136.

1. PATENTS—SUITS FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

The owner of a process patent is not entitled to a preliminary injunction, in a suit for infringement, restraining the defendant from vending articles made in infringement of the patented process.

2. SAME—PROCESS—INCANDESCENT MANTLES.

The Rawson patent, No. 407,963, for the production of incandescent mantles, is for a process, and not for a product.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Louis Hicks, for appellant.

John R. Bennett, for appellee.

Before WALLACE and SHIPMAN, Circuit Judges.

PER CURIAM. That part of the order appealed from restraining the defendant, during the pendency of the action, from selling any incandescent mantles "except such as shall be shown to have been coated by others," can only be justified upon the theory that the patent for infringing which the suit was brought was a patent for a product or manufacture, and not one for a process. If it was a patent for a process, it would not be infringed by selling the product, and no conditions should have been annexed to the exercise of the vendor's rights. The broad proposition that the vendor of a product which has been made in infringement of a patented process is an infringer, or liable to any extent to the patentee, is untenable and does not require discussion. The patentee's remedy is against the manufacturer. Merrill v. Yeomans, 94 U. S. 568, 24 L. Ed. 235.

The patent in suit (No. 407,963) was granted July 30, 1889, to Frederick Lawrence Rawson and William Stepney Rawson for "production of incandescent mantles." We entertain no doubt that it is one for a process, and not for a product. It describes a method of producing the Welsbach mantle, and treating it after ignition so as to render it sufficiently hard and resistent to allow of transportation without danger of breakage. The method described consists in stretching the mantle upon a mandrel and igniting it, then shaping it against the mandrel by a blowpipe flame, and then coating it with paraffin, or other similar material. The patent contains two claims, which are as follows:

"(1) The herein-described improvement in strengthening incandescent mantles, consisting in coating the completed mantle with paraffin, or other suitable material, substantially as set forth. (2) In the manufacture of incandescent mantles, the method of forming said mantles, which consists of first stretching the impregnated knitted mantle upon a mandrel, then burning the mantle, then shaping the mantle against the mandrel by means of a blowpipe flame, and finally coating the mantle with paraffin, or other similar material, substantially as set forth."

The first claim covers merely the final part of the process, and the second covers the entire process. It is unfortunate that an invention of such great merit and value is not adequately protected by the claims of the patent; but so it is, and any person is at liberty to vend or use the invention without accountability to the patentee, except he also be the manufacturer or a contributory infringer. The order must, as to the part referred to, have been inadvertently made, and should be modified by eliminating that part.