## In re T. L. KELLY DRY-GOODS CO.

(District Court, E. D. Wisconsin. July 9, 1900.)

1. BANKRUPTCY—PROCEEDINGS BEFORE REFEREE—REVIEW.
    General orders in bankruptcy, rule 27 (32 C. C. A. xxvii., 89 Fed. xi.), providing for a "review by the judge of any order made by the referee," does not authorize a general review of proceedings before the referee, or of rulings not directly affecting a sale.

2. SAME.
    Specific questions arising in proceedings before a referee in bankruptcy, and upon which the opinion of the district judge is desired, should be presented on the certificate of the referee, or, in the case of orders entered, on petition for review, and not in the form of an assignment of errors.

3. SAME—CORPORATIONS—ACT OF INSOLVENCY.
    A petition of involuntary bankruptcy against a corporation, which is based upon a confession of insolvency and the willingness of the corporation to be adjudged a bankrupt, will not be construed as in effect voluntary, and therefore within the exception which excludes corporations from the benefit of voluntary bankruptcy.

4. SAME—SALE BEFORE ADJUDICATION IN BANKRUPTCY.
    Although the uniform practice is to make no order of sale of the bankrupt's estate until after the adjudication of bankruptcy unless a sale is necessary to preserve the value of the property, an order of sale made by a referee before the adjudication, while exercising the powers of the district judge under Bankr. Act, § 38, will not be disturbed, where the sale was made by consent, and no prejudice is shown.

5. SAME—ALLOWANCE OF CLAIMS—RENT.
    A landlord cannot complain that his general claim for rent is apportioned so as to make a part thereof a claim against the bankrupt's estate, and the

balance a charge against the receiver, at the same rate at which the lease was running, when otherwise he would have been deprived of a preference for the part charged to the receiver.

**6. SAME—CONTESTED CLAIM—CREDITOR'S RIGHT TO VOTE FOR TRUSTEE.**

While the mere filing of objections to a claim should not exclude the creditor from voting on the election of a trustee, such action by the referee will not be reviewed, when no objection is made to the election, and no facts are presented on which to raise the question of the rights of creditors in such case.

**7. SAME—ACTION AGAINST RECEIVER—LEAVE OF COURT.**

Leave of a referee in bankruptcy is not necessary to entitle the landlord of a receiver in bankruptcy to bring suit against the receiver for fixtures separated and removed from the demised premises during the receiver's occupancy.

**8. SAME—ATTORNEY'S FEES.**

A receiver in bankruptcy being required to stand independent of the parties to the litigation, he will not be allowed to charge the estate for services rendered him by the attorney for either party during the continuance of such relation.

In Bankruptcy. On petition for review filed by F. W. Cotzhausen, a creditor, in proceedings before the referee.

F. W. Cotzhausen, in pro. per.

Bloodgood, Kemper & Bloodgood, for trustee.

SEAMAN, District Judge. Rule 27 of the general orders in bankruptcy (32 C. C. A. xxvii., 89 Fed. xi.) provides for "review by the judge of any order made by the referee"; but I do not understand that a general review of the proceedings before the referee, or review of rulings not directly affecting an order made, is intended either by the act or rules. Specific questions as they arise in the proceedings are to be presented on certificate of the referee, or, in the case of orders entered, on petition for review. This petition is in the form of an assignment of errors in the proceedings before the referee, and not within either view thus indicated. Questions of importance, especially of jurisdiction and procedure, are shown, however, if not properly raised; and, to the extent in which the facts are sufficiently stated, I have given consideration, and state the following rulings:

1. The bankrupt is a corporation, and the petition is filed by creditors as an involuntary application, but is based upon an alleged confession of insolvency on the part of the corporation, and of willingness to be adjudged a bankrupt, which appears to have been resolved by the corporate authorities on the day preceding the making of the petition. It is contended that the application is in effect voluntary, and therefore within the exception in the act which excludes corporations from the benefit of voluntary bankruptcy. It must be conceded that this view is not entirely without force. See In re Bates Mach. Co. (D. C.) 91 Fed. 625. I concur, however, in the opinion of Judge Brown in Re Marine Machine & Conveyor Co., Id. 630, which upholds the jurisdiction; and, in the absence of controlling interpretation contra, the objection upon that ground is overruled. The act of the corporation in such case is treated as an act of bankruptcy, and leaves it optional with creditors to move thereupon, or not, as advised.

2. The absence of the district judge vested jurisdiction of the petition, of the application for a receiver and other duties thereupon, in the referee (section 38, Bankr. Act), and in the appointment of the receiver and order of sale the referee was exercising the powers of the district judge. It has been the uniform practice of this court, under the act, to make no order of sale until after adjudication of bankruptcy; and, unless the property is of such nature that immediate sale is necessary to preserve its value, such rule will be maintained. Whether the facts stated justified departure in this instance —consent appearing on the part of the bankrupt and other creditors—is not deemed material for present purposes, as a fair sum was realized, and no showing is presented of injurious effect upon any interests. Objections to the several orders, including that of confirmation of the sale, are overruled.

3. Exception is taken to the allowances made upon the claims of the creditor in question. (1) in reducing the general claim for rent from $400 to $266.67; and (2) in allowing the claim for rent against the receiver at $133.34, instead of $250, as claimed. It is plain that this apportionment was in favor of the claimant, as an allowance of the $400 would have so extended the term of the lease that no allowance could be made for occupancy by the receiver; thus depriving him of the preferential claim. The rulings appear to be just, on the whole, and the rate at which the lease was running was properly adopted as the rate of allowance for the receiver's occupancy. They are therefore approved.

4. It is stated in the same connection that the creditor was not permitted to vote, pending hearing of his claim, upon the election of a trustee; but no question is raised as to the election, and no facts are presented on which to raise the question of the rights of creditors in such case. Surely no construction is admissible which would permit other creditors, through the mere filing of objections to a claim, to exclude a bona fide claimant from voting on the election of a trustee.

5. Exception is stated to the ruling by the referee that he was without jurisdiction to entertain a claim presented against the receiver "for fixtures separated and removed from the demised freehold during the time of the receiver's occupancy," and for not granting leave to the claimant to sue the receiver. No leave to sue the receiver in such case is necessary under the recent legislation by congress, and, the district judge being within the district when the applications were made, the matters were not within the cognizance of the referee. No issue is presented, nor are the conceded facts sufficient, on which to determine the claim upon the merits, as argued on behalf of the claimant.

6. The final objection is to an allowance made in the account of the receiver of $200 for services of his attorneys, and I am constrained to the opinion that this objection is well founded. It is the well-recognized rule in equity that the receiver shall engage counsel who stands independent of the parties to the litigation (Beach, Rec. § 262), and the estate is not chargeable for services which may be given to the receiver by the attorney for either party during the continu-

ance of such relation. So, in the case at bar, unless the service for which the charge was allowed was both necessary and independent in the sense of the rule referred to, it is not allowable as an expense of the receivership. The purpose of the appointment of a receiver in bankruptcy is one of mere temporary custody, and the duties are generally of the utmost simplicity. If complications arise in which the parties before the court have opposing interests, he should not take counsel of either; and, if under any circumstances the attorney of either party is engaged by him, there must at least be complete severance of all service and duty to the litigant party. Otherwise, any service rendered must be deemed either gratuitous or in the interest of the original client. Here the attorneys for whom the charge is made appear both of record and in fact for the petitioning creditors before and after the receivership, are on the petition for adjudication of bankruptcy, on the application for a receiver, and subsequently appear for the creditors at the meetings held during the continuance and after the close of the receivership. Under such conditions, any service rendered must be referable to their engagement for their clients, and, if chargeable to the estate for any amount, are in that relation only, and upon special order of the court. The objection to the allowance must therefore be sustained. So ordered.