### NATIONAL PHONOGRAPH CO. v. LAMBERT CO.

(Circuit Court, N. D. Illinois. July 29, 1903.)

#### No. 26,598.

1. PATENTS—INFRINGEMENT—PROCESS PATENT.
    A patent for a process is not infringed by a sale of the product.
2. SAME—SUIT FOR INFRINGEMENT—EVIDENCE.
    Proof that defendant sold an article a month or so after the issuance to complainant of a patent covering a process for making such article is not sufficient to establish that the article was made by defendant after the date of the patent, in infringement of such process.
3. SAME—PROCESS—PHONOGRAPH RECORDS.
    Claim 17 of the Edison patent, No. 713,209, for a method of producing record cylinders for phonographs, is for a process, and not for a product.

In Equity. Suit for infringement of letters patent No. 713,209, for a process of duplicating phonograms, granted to Thomas A. Edison November 11, 1902. On motion for preliminary injunction.

Richard N. Dyer (William G. Beale, on the brief), for complainant.
Thomas F. Sheridan, for defendant.

KOHLSAAT, District Judge. This cause comes up on defendant's motion for a rehearing, and upon complainant's motion for a prelim-

inary injunction.   Heretofore, on the like motion of complainant, the court rendered its opinion sustaining the validity of the patent, and the title thereof in complainant; granting the motion on the ground, mainly, that defendant failed in its answer to sufficiently and specifically negative the allegation of infringement.   The answer contained a general allegation traversing the charge, but it seemed to me to equivocate somewhat in denying the clause thereof making specific allegations of infringement.   Leave was given defendant to amend its answer in this respect, which was done.   The proof, therefore, of infringement, rests entirely upon the affidavits of Taylor and Nesbeth, and the record filed as an exhibit in the case.   From these it appears that Nesbeth purchased from defendant, about six weeks after the patent in suit was granted, a record marked "Pat'd Mch. 20, 1900."   From Taylor's affidavit it appears that patent No. 645,920 was granted on that date. Complainant insists that this evidence is sufficient to establish the fact, for the purposes of this motion, that defendant was on December 23, 1902, manufacturing and selling records made under the process of the patent in suit.   The court cannot proceed upon the presumption on this hearing that this record was made since the granting of the patent in suit.   From all that appears in the record, it may have been made prior to that date.   There remains to be considered, therefore, only the question as to whether defendant had the right to sell the record, even though it were made prior to the grant to complainant. The patent in suit is for a process, not for the article produced.   A patent for a process is not infringed by selling the product.   Welsbach Light Co. v. Union, I. Light Co., 101 Fed. 131, 41 C. C. A. 255.   This being so, I am of the opinion that the proof fails to make such a case of infringement as would justify the granting of a preliminary injunction herein.

The motion for a preliminary injunction is denied.