NATIONAL ELECTRIC SIGNALING CO. v. TELEFUNKEN WIRELESS TELEGRAPH CO. et al.

(District Court, S. D. New York.    March 18, 1912.)

1. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—JURISDICTION—ALLEGATIONS OF BILL.

A bill for infringement of a patent against a corporation of another state *held* to sufficiently allege that defendant committed acts of infringement and had a regular and established place of business within the district, to give the court jurisdiction.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–540; Dec. Dig. § 310.*

Jurisdiction of federal courts in suits relating to patents, see note to Bailey v. Mosher, 11 C. C. A. 313.]

2. PATENTS (§ 291*)—SUIT FOR INFRINGEMENT—SERVICE ON NONRESIDENT CORPORATION.

The provision of Act March 3, 1897, c. 395, 29 Stat. 695 (U. S. Comp. St. 1901, p. 589), that where a suit for infringement of a patent is brought in a district of which defendant is not an inhabitant, but in which such defendant has a regular and established place of business service, "may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought," is permissive only, and where the defendant is a corporation, and a regular officer, upon whom service may be made generally, is found in the district, service may be made upon him.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 291.*

Service of process on foreign corporations, see notes to Eldred v. American Palace-Car Co. of New Jersey, 45 C. C. A. 3; Cella Commission Co. v. Bohlinger, 78 C. C. A. 473.]

In Equity.    Suit by the National Electric Signaling Company against the Telefunken Wireless Telegraph Company and others.    On demurrer to bill, and motions to set aside service and to vacate suspension of injunction.    Demurrer and motions overruled.

See, also, 193 Fed. 424.

F. W. H. Clay, for complainant.

Hector T. Fenton, for defendants.

LACOMBE, C. J.    Three proceedings in the action were argued at the same time and may be disposed of together.

[1] 1. The corporation defendant is a citizen of Pennsylvania, and in order to maintain suit for infringement against it in this district it must have committed acts of infringement here and have a regular and established place of business in this district.

The corporation defendant demurs to the bill on the ground that it does not set forth facts showing that this court has jurisdiction to entertain a suit against it for infringement.

Leaving out immaterial words, the amended bill avers that defendant is a corporation organized under the laws of Pennsylvania, and is a citizen of the state of Pennsylvania, and has a regular and established place of business in the Southern district of New York; also that defendants (the other two defendants are individuals) have jointly used, and after notice, without license and in violation of complainant's right, continue and threaten to continue jointly to use, within this district, apparatus the same as in the letters patent claimed, etc. I am at a loss to see why the averments of the bill are not sufficient.

[2] 2. The marshal served the subpœna upon the defendant corporation "by exhibiting to Alfred J. Ostheimer, as secretary and treasurer of said company, at 227 Fourth avenue, the within original, and at the same time leaving with him a true copy thereof."

A motion is made to set aside this service, because it was not made by service upon the agent or agents engaged in conducting the business of the corporation in this district. Reference is had to the Jurisdiction Act of March 3, 1897. That act provides that when a corporation, not an inhabitant of a particular district, shall have committed acts of infringement and have a regular and established place of business in such district, service *may* be made upon the agent or agents engaged in conducting such business in the district. This language is permissive merely, and I see no reason why it should be construed as imperative. If the regular officers of a corporation, upon whom service may generally be made, are found here, where the company has a regular and established place of business, there is no necessity for a substituted service on some local agent.

3. When the order was made suspending the injunction, it was provided that:

"Unless the appeal is perfected, record and briefs printed, and appellant ready to argue same at the opening of March session of Circuit Court of Appeals, this suspension will be vacated, or the amount of the security increased."

There has been some delay, but the record has now been printed, and the appeal will be moved on the calendar to-day. The present motion to vacate suspension is therefore denied, with leave to renew, should the appeal not be heard at the April session because of any delay or fault of appellant.