## KRYIAK v. OWENS BOTTLE CO.

District Court, N. D. Illinois, E. D. March 26, 1928.

No. 7725.

Patents ⬤288(3)—Sale of product of process patent in another district, of which defendant is not resident, is not infringement which gives court there jurisdiction (Jud. Code, § 48 [28 USCA § 109]).

Sale of the product of a process patent in a district other than that in which it is made and of which defendant is not an inhabitant is not an infringement in that district which will give the court there jurisdiction under Judicial Code, § 48 (28 USCA § 109).

In Equity. Suit by Eugenia Maria Niven Kryiak against the Owens Bottle Company. On motion to quash service of subpœna and dismiss bill. Granted.

A. Miller Belfield, of Chicago, Ill. (James Hamilton Lewis, of Chicago, Ill., of counsel), for plaintiff.

Whittemore, Hulbert, Whittemore & Belknap, and C. B. Zewadski, all of Detroit, Mich., and Rector, Hibben, Davis & MacCauley, of Chicago, Ill., for defendant.

CARPENTER, District Judge. This case involves United States patent No. 1318170, issued October 7, 1919, to Maxim Niven, the bill charging that the title, by proper conveyance, is now in the plaintiff.

The patent has two claims, both of which involve a process for making glass bottles.

The jurisdiction of this court is challenged by the defendant, which has appeared specially, moving to quash the service of the subpœna, and to dismiss the bill on the ground that the defendant is not an inhabitant of this district, and has not committed acts of infringement in this district, as provided in section 48 of the Judicial Code (28 USCA § 109).

In support of the motions, the defendant shows by affidavit, uncontradicted, that it is a corporation organized and existing under the laws of the state of Ohio, and that, while it has a sales office in the city of Chicago, in this district, where bottles made by the patent process are sold, the bottles are not made in this district, but in factories owned and operated by the plaintiff in other states.

The jurisdiction of the court is conceded to rest upon infringement here. The sole question involved, therefore, is whether there can be infringement of a process patent by the sale of the finished product in a district where the process does not function.

The defendant cites Durand v. Green et al. (C. C.) 60 F. 392; Welsbach Light Co. v. Union Incandescent Light Co. (C. C. A.) 101 F. 131; American Graphophone Co. v. Gimbel Bros. (D. C.) 234 F. 361; National Phonograph Co. v. Lambert Co., 125 F. 388 (C. C. Seventh Circuit). While these decisions do not dispose of a jurisdictional question, they emphasize the well-recognized principle that in the patent law a process and its product are separate and distinct, and that a process claim is not infringed by the sale of the product. If the sale of the bottles (the product) in this district is not an infringement of the process claims of the patent, it follows necessarily, under the allegations of the bill, that this court cannot proceed further than to quash the subpœna and dismiss the bill for want of jurisdiction.

The interesting question of contributory infringement cannot be solved here, because the operator of the process and the seller of the product are identical.

An order may be prepared accordingly.