## BARTON v. NEVADA CONSOL. COPPER CO.

District Court, S. D. New York, October 17, 1929.

Chadbourne, Stanchfield & Levy, of New York City (William Wallace, Jr., and J. Arthur Leve, both of New York City, of counsel), for the motion.

Cyrus B. Austin, Jr., of New York City (Hugo A. Maerlender, of Cleveland, Ohio, of counsel), opposed.

WOOLSEY, J. This motion is granted.

The bill of complaint is based on an alleged infringement by the defendant of United States patent No. 1,662,357, and is brought by a resident and citizen of California against a corporation of Maine, in this district, under section 48 of the Judicial Code (28 USCA § 109), on the theory that the defendant maintains a regular and established place of business in this district and has here committed acts of infringement.

A copy of the patent is annexed to the bill of complaint as Exhibit A, and the claims thereof show that the patent is for making an abrasive resisting metal and is for the process only.

The complaint does not contain any allegation of an infringement of the process within this district. It merely alleges on its second page in one of its paragraphs, which is not numbered, that the defendant is manufacturing and using castings made by the patented process.

In an affidavit opposing this motion to dismiss the bill, the actual situation is clarified with commendable frankness by one of the attorneys for the plaintiff. In that affidavit he says: "It is further averred that transactions involving the sale of copper manufactured by the Nevada Consolidated Copper Company have and do occur in the State of New York, that the patent in suit is directly instrumental in the production of the commodity in which the company deals even though castings produced under the patent in suit have never been manufactured, used or sold in New York."

Thus there is shown by the papers before me that what is really intended to be claimed by the bill is that the defendant sells a commodity—copper—manufactured in castings which are the product of the patented process.

This alleged infringement seems to be a stage further away from the patent than any case which has been called to my attention.

It is settled that a patent for a process only as distinguished from a patent for a process and a product, is not infringed by the sale of the product. Durand v. Green (C. C.) 60 F. 392, 396, 397; Welsbach Light Co. v. Union Incandescent Light Co. (C. C. A.) 101 F. 131, 132; National Phonograph Co. v. Lambert Co. (C. C.) 125 F. 388, 389; American Graphophone Co. v. Gimbel Bros. (D. C.) 234 F. 361, 368. A fortiori it would not be infringed by the sale of a commodity manufactured by use of the product of the process.

Obviously the defendant, a corporation of Maine, is not an inhabitant of this district.

The Judicial Code § 48 (28 USCA § 109) requires that, in any suit in which the defendant is not an inhabitant of the district in which the suit is brought, it must be shown that the defendant has committed acts of infringement within the district and also that it has a regular and established place of business therein.

As it is shown that it is not claimed that the defendant has committed in this district any acts of infringement of the process patent on which the bill of complaint is founded, this district is not the proper venue for this suit. Kryiak v. Owens Bottle Co. (D. C.) 25 F.(2d) 358.

In view of the fact that there has not been any infringement within this district, it is unnecessary for me to consider what would, perhaps, be a more difficult question; i. e., whether or not the defendant has a regular and established place of business in this district, within the meaning of Judicial Code § 48 (28 USCA § 109), because under that section both an infringement and such a place of business are conditions precedent to the venue here.