**Clifford A. SCHROEDER et al.,**
**Plaintiffs,**

v.

**OWENS–CORNING FIBERGLAS COR-**
**PORATION, Defendant.**

**Civ. A. No. 67–869–PH.**

United States District Court,
C. D. California.

April 22, 1971.

Lyon & Lyon, Conrad R. Solum, Los Angeles, Cal., for plaintiffs.

Harris, Kiech, Russell & Kern, Richard A. Wallen, Los Angeles, Cal., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HALL, District Judge.

### FINDINGS OF FACT

1. Plaintiff, Pittsburgh Plate Glass Company, a Pennsylvania corporation, is the owner of United States Letters Patent 3,240,643, entitled "Method and Apparatus For Making A Flexible Insulated Duct" (hereinafter referred to as the "Method Patent") issued to plaintiff, Pittsburgh Plate Glass Company, as assignee of the coinventors, plaintiffs Clifford A. Schroeder and Quentin L. Clark on March 15, 1966. All claims of the Method Patent in suit cover either a method or apparatus for making a flexible insulated duct.

2. Plaintiff, Pittsburgh Plate Glass Company, a Pennsylvania corporation, is the owner of United States Letters Patent No. 3,216,459, entitled "Flexible Insulated Duct" (hereinafter referred to as "Article Patent") issued to plaintiff, Pittsburgh Plate Glass Company, as assignee of the coinventors plaintiffs, Clifford A. Schroeder and Quentin L. Clark

on November 9, 1965. All claims of the Article Patent in suit cover a flexible insulated duct.

3. As of the date of filing the Complaint herein, Plaintiffs Clifford A. Schroeder and Quentin L. Clark, residents of the Central District of California (hereinafter referred to as "this Judicial District") were licensees of Pittsburgh Plate Glass Company under said Method Patent and said Article Patent.

4. As of the date of filing the Complaint herein Plaintiff Glass Insulation Co., Inc., a California corporation, was the sub-licensee of plaintiffs Clifford A. Schroeder and Quentin L. Clark under said Method Patent and said Article Patent.

5. On April 12, 1962, plaintiffs Clark and Schroeder filed a patent application Serial No. 187,120, containing claims directed to a flexible insulated duct, an apparatus used to produce such duct, and a method used to produce such duct. In the first Official Action dated December 5, 1962, the United States Patent Office required restriction between the claims of said application directed to the duct and the claims directed to the apparatus. Further, the Patent Office grouped the method claims with the apparatus claims for examination, stating "the method claimed seems to be the mere function produced by the apparatus." Plaintiffs pursued the method and apparatus claims in said patent application and filed a Continuation-in-Part Application, Serial No. 257,196 containing the claims from said application, Serial No. 187,120, directed to the flexible insulated duct. The Method Patent ultimately issued from said original application, Serial No. 187,120, and the Article Patent ultimately issued from said Continuation-in-Part Application, Serial No. 257,156.

6. Defendant, Owens-Corning Fiberglas Corporation, is a corporation of the State of Delaware, having its general offices and principal place of business in Toledo, Ohio.

7. Defendant, Owens-Corning Fiberglas Corporation, has a regular and established place of business in this Judicial District.

8. This action arises under the patent laws of the United States (Title 35, United States Code), and this Court has jurisdiction over the parties, and the subject matter hereof under Title 28, United States Code, Section 1338.

9. Plaintiffs allege in their Complaint that defendant has infringed said patents by making, using and selling ducting which embodies the invention of and infringes said Article Patent, and by making and using apparatus and using the method which embody the invention of and infringe said Method Patent.

10. Defendant has sold ducting within this Judicial District which is alleged to infringe said Article Patent.

11. Defendant has not made, produced, or manufactured flexible insulated duct within this Judicial District since the issuance of said Method Patent and has not practiced or used any method covered by the claims of said Method Patent within this Judicial District since the issuance of said Method Patent.

12. Defendant has not made, sold or used or caused to be made, sold or used any apparatus used for the manufacture of flexible insulated duct or any apparatus covered by the claims of said Method Patent within this Judicial District since the issuance of said Method Patent.

13. Defendant has sold ducting within this Judicial District which is made by Defendant in Santa Clara within the Northern District of California and perhaps elsewhere in the United States outside the State of California, the making of which is alleged to infringe said Method Patent both by the method practiced and the apparatus used.

14. Defendant has not committed any acts of infringement of said Method Patent or any of the claims thereof within this Judicial District.

15. Defendant has not committed any acts constituting a waiver of its claim

of improper venue, which claim was first asserted by motion prior to its Answer.

16. Plaintiffs have not filed any affidavits in opposition to the subject Motion For Partial Summary Judgment.

17. No genuine issue of material fact is present on this Motion For Partial Summary Judgment.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and the subject matter herein.

2. Said Method Patent and said Article Patent in suit, are owned by plaintiff, Pittsburgh Plate Glass Company.

3. Defendant does not reside within this Judicial District.

4. Defendant has a regular and established place of business within this Judicial District.

5. The mere sale by this Defendant in this Judicial District of an article produced by this Defendant outside of this Judicial District by a method or apparatus alleged to infringe said Method Patent does not constitute an act of infringement of said Method Patent within this Judicial District for venue purposes.

Kryiak v. Owens Bottle Co., 25 F.2d 358 (N.D.Ill.1928); Barton v. Nevada Consol. Copper Co., 36 F.2d 85 (D.C.S. D.N.Y.1929); and Foster D. Snell, Inc. v. Potter's, et al., 88 F.2d 611 (2d Cir. 1937).

6. Title 28, United States Code § 1400(b) is the sole and exclusive provision controlling venue in patent infringement actions.

Fourco Glass v. Transmirra Products Corporation (1957), 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786; Schnell, et al. v. Peter Eckrich & Sons, Inc., et al. (1961), 365 U.S. 260, 81 S.Ct. 557, 5 L.Ed.2d 546; and Technograph Printed Circuits Ltd., et al. v. Packard Bell Electronics Corp., 290 F.Supp. 308 at 322–325 (D.C.C.D.Cal.1968).

7. The language of 28 U.S.C. § 1400(b) is specific and unambiguous and the requirement of patent venue under this statute is not one of those vague principles which in the interest of overriding policy, is to be given a liberal construction.

Schnell, et al. v. Peter Eckrich & Sons, Inc., et al., cited supra.

8. Proper venue in this Court for the cause of action for infringement of said Article Patent does not vest this Court with venue over the separate cause of action for infringement of said Method Patent where no acts of infringement of said Method Patent have occurred within this Judicial District.

Dow Chemical Company v. Metlon Corporation, et al., 281 F.2d 292 (4th Cir. 1960); Anderson, et al. v. Scandrett, et al., 19 F.Supp. 681 (DC Minn. 1937); and Lyon v. General Motors Corp., 200 F.Supp. 89 (N.D.Ill.1961).

9. The case of General Foods Corp. v. Carnation Co., 411 F.2d 528 (7th Cir. 1969), cert. den. 396 U.S. 940, 90 S.Ct. 375, 24 L.Ed.2d 242, is distinguishable from the present situation since in that action only a single patent containing both method claims and a product by process claim was involved.

10. The propriety of venue in this civil action for patent infringement must be determined separately and independently with respect to the Method Patent and the Article Patent alleged to be infringed in this civil action.

11. Venue for the cause of action for infringement of said Method Patent is improper in this Judicial District under 28 U.S.C. § 1400(b) since the Defendant does not reside within this Judicial District and the Defendant has not committed acts of infringement of said Method Patent within this Judicial District.

12. There being no genuine issue of material fact, the defendant is entitled to partial summary judgment dismissing the cause of action for infringement of said Method Patent.