## KATZ UNDERWEAR CO. v. UNITED STATES.

Civil Action No. 434.

District Court, M. D. Pennsylvania.

July 17, 1941.

Charles H. Welles, 3d, of Scranton, Pa., Lester R. Male, of Honesdale, Pa., and Prew Savoy, of Washington, D. C., for plaintiff.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and Frederic G. Rita, Sp. Assts. to Atty. Gen. and Frederick V. Follmer, U. S. Atty., and Joseph P. Brennan, Asst. U. S. Atty., both of Scranton, Pa., for the Government.

WATSON, District Judge.

This action was brought to recover from the United States the sum of $9,913.40 paid by the plaintiff as Floor Stocks Taxes and interest under the Agricultural Adjustment Act of May 12, 1933, 7 U.S.C.A. § 601 et seq. The case came on for hearing and, from the evidence, the Court finds the facts to be as follows:

## Findings of Fact.

1. The plaintiff is a Pennsylvania corporation having its principal office and place of business at Honesdale, Pennsylvania.

2. The defendant is the United States of America.

3. The plaintiff paid a cotton floor stocks tax and interest, under the Agricultural Adjustment Act, to the United States of America in the sum of $9,913.40 during the years 1933 and 1934.

4. Claim for the refund of the tax was filed January 9, 1937, with the Commissioner of Internal Revenue.

5. Notice of the rejection of the claim for refund was sent by registered mail January 24, 1939.

6. This action was instituted April 26, 1940.

7. The plaintiff increased the prices of some of its products effective August 1, 1933, and increased the prices of some of its products after August 1, 1933, effective during the balance of the period from August 1, 1933, to December 31, 1933.

8. There was not evidence from which it could be found that the plaintiff sustained the burden of the tax here involved.

## Discussion.

The Act under which the tax was collected was invalidated by the decision of the United States Supreme Court in the case of United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914. Following that decision, Sec. 901 of the Act of June 22, 1936, c. 690, 49 Stat. 1747, 7 U.S.C.A. § 623 note, repealed those portions of the Agricultural Adjustment Act relating to the processing taxes. Section 902 provides that: "No refund shall be made or allowed, * * * of any amount paid by or collected from any claimant as tax under the Agricultural Adjustment Act [this chapter], unless the claimant establishes to the satisfaction of the Commissioner * * * or to the satisfaction of the trial court, or the Board of Review * * * (a) That he bore the burden of such amount and has not been relieved thereof nor reimbursed therefor nor shifted such burden, directly or indirectly, * * *." 7 U.S.C.A. § 644.

■ It is clear that the burden was upon the plaintiff to establish to the satisfaction of the trial court that it bore the burden of the tax. To meet that burden the evidence offered by the plaintiff was for the most part extremely confusing and contradictory.

■ The plaintiff showed that, during the severe flood in this region in 1936, most of its records were washed away. The records which were still available consisted in part of "estimate tickets" upon which the plaintiff computed its costs and fixed the prices of the various articles which it sold. The estimate tickets which dealt with the articles sold from August 1, 1933, to December 31, 1933, were started in February, 1933, and completed some time prior to July 1, 1933. The plaintiff did not have its records which disclosed the prices at which the various articles were actually sold, except that Edward A. Katz, treasurer of the plaintiff company, testified that all sales were made at the prices quoted on the estimate tickets. As a result of the loss of its records, much of plaintiff's evidence was based upon its estimate tickets. In this regard, it should be noted that, while the plaintiff's explanation of its failure to produce its records has been accepted by the Court and no unfavorable inference may be drawn from such failure to produce, yet plaintiff's burden of proof has not been lessened thereby and the plaintiff must establish "to the satisfaction of the trial court" that it did sustain the burden of the tax.

■ The plaintiff's chief witness, Edward A. Katz, testified on the first day of the trial that there had been no change in prices of and quantity of material in the articles of the Plaintiff's line on August 1, 1933, as compared with the prices of and quantity of material in the articles of plaintiff's line sold prior to August 1, 1933. The following day, Mr. Katz testified that there had been price increases effective August 1, 1933, in the total sum of $1,400, and that there had been substantial increases in the quantity of material used to make up the various articles.

The plaintiff offered evidence to show that its total sales for the year from August 1, 1933, to July 31, 1934, amounted to approximately $1,000,000. The plaintiff offered further evidence to show that its net profit for that year was $5,009.81, and that, during the preceding year from August 1, 1932, to July 31, 1933, with ap-

proximately the same total sales the plaintiff's net profit was $16,501.39. This evidence as to the drop in net profit of $11,491.58 was offered for the purpose of showing that the plaintiff sustained a net loss in profit in excess of the tax. From this evidence the Court is asked to infer that the plaintiff sustained the burden of the floor stocks tax.

The plaintiff's evidence also tends to show that the costs of its materials were substantially increased, and, in some cases, almost doubled as compared with the preceding year, but that its other costs such as labor, rent, interest on indebtedness, salesmen's commissions, etc., remained practically the same. Edward A. Katz testified that plaintiff increased its prices effective August 1, 1933, in the total sum of $1,400, and after August 1, 1933, it increased its prices in the total sum of $1,482.10 or a total increase of prices over those of the preceding year in the amount of $2,882.10; that the only price decrease was made after August 1, 1933, in the total sum of $12,490.50; that the plaintiff paid a tax in the sum of $9,913.40. Thus, through the tax and net price changes the plaintiff suffered an extraordinary loss of income and increase of costs, as compared with the preceding year, in the total sum of $19,521.80 without giving any consideration to the substantial increase in the cost of materials. But, at the same time, the plaintiff's net profit decreased only $11,491.58 upon approximately the same volume of business. This summary reveals that either the figures offered by the plaintiff are erroneous or the plaintiff did not show all of the factors involved, or, perhaps, both. It is not the duty of the Court to speculate as to the cause of the discrepancies revealed by the testimony.

The plaintiff, as stated above, offered evidence to show that after August 1, 1933, it raised its prices on some articles in the total amount of $1,482.10, and reduced its prices on other articles in the total amount of $12,490.50. This evidence was offered to show that the plaintiff did not pass the tax on to its vendees by increasing its prices after August 1, 1933. A comparison of the net decrease in prices thus shown to be $11,018.40, with the drop in net profit noted above of $11,491.58, reveals that they are very nearly equal. Hence, the plaintiff's testimony equally shows that on August 1, 1933, its prices were such that the substantial floor stocks tax and all increased costs could have been paid without any loss in net profit, and that the plaintiff sustained the burden of the tax only because of a subsequent reduction of its prices, and, consequently, the plaintiff passed the tax on to the vendees on all of its line with the exception of those articles as to which the price had been decreased.

The defendant offered evidence tending to show that plaintiff had increased its prices effective August 1, 1933, on all of its articles, and that its total increase in prices on a portion of its line consisting of the leading articles was $8,978.75. As one of its arguments that this evidence should not be considered, the plaintiff urged that there had been substantial changes in the price and quantity of material used and in the styles of the various articles of plaintiff's line and that, consequently, such a price comparison was meaningless. This argument, which has considerable support in the evidence, equally discredits plaintiff's evidence as to price changes effective August 1, 1933.

Further inconsistency appears by an affidavit filed by Edward A. Katz with the Treasury Department, in which he states that the plaintiff suffered a severe operating loss applicable to the fiscal year from August 1, 1931, to July 31, 1932, and that an immediate investigation was made which revealed that "the scale of prices of the said Katz Underwear Company was below the scale maintained by competitors," and that "A drastic upward revision of the price structive (structure) was necessary and could be supported by competitor's prices. Consequently, in the Spring of 1933, such revision upward was made, to be effective August 1, 1933." As has already been stated, this upward revision was, according to Mr. Katz, made in the total sum of $1,400; and, that this was not a misstatement, is indicated by the plaintiff's insistence that, in view of the small quantity of articles involved in the increase, such increase was indeed drastic. However, during the season beginning August 1, 1933, there was a net decrease of prices which had been fixed effective August 1, 1933, in the sum of $11,008.40, or a total net decrease in prices as compared with the previous year in the sum of $9,608.40. It is almost inconceivable that the plaintiff could correct an operating loss by decreasing its prices and, as the testimony indicates, its income.

The remaining testimony offered by the plaintiff in support of its claim consists of general statements and conclusions of its witnesses which, in view of the evidence offered in support of them, cannot be given much, if any, credence.

The plaintiff's evidence which has been outlined above and upon which plaintiff relies to establish its case is conflicting to such an extent that much of it I am unable to believe, and I cannot find any fact upon the basis of it. Hence, I am unable to find as a fact that the plaintiff did sustain the burden of the cotton floor stocks tax here involved.

### Conclusions of Law

1. The plaintiff did not establish to the satisfaction of the trial court that it did sustain the burden of the tax here involved.

2. The defendant is entitled to judgment.

It is ordered and directed that judgment be entered in favor of the defendant, United States of America, and against the plaintiff, Katz Underwear Company.