## KATZ UNDERWEAR CO. v. UNITED STATES.

### No. 7866.

Circuit Court of Appeals, Third Circuit.

Argued Feb. 20, 1942.

Decided April 24, 1942.

---

Prew Savoy, of Washington, D. C. (Lester R. Male, of Honesdale, Pa., Charles H. Welles, 3d, of Scranton, Pa., and Kenneth Carroad and Lawrence W. Kaufman, both of New York City, on the brief), for appellant.

Frederic G. Rita, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., J. Louis Monarch, Sp. Asst. to Atty. Gen., and Frederick V. Follmer, U. S. Atty., of Scranton, Pa., on the brief), for respondent.

Before MARIS, CLARK, and GOODRICH, Circuit Judges.

MARIS, Circuit Judge.

The plaintiff sells nightgowns, pajamas and slips which it manufactures from cotton cloth. It paid floor stock taxes imposed by the Agricultural Adjustment Act, 7 U.S.C.A. § 601 et seq., upon such goods. That act was declared unconstitutional [1] and the plaintiff brought suit for the recovery of $9,913.40 in taxes and interest paid by it in 1933 and 1934. The District Court for the Middle District of Pennsylvania denied recovery and entered judgment for the defendant. 39 F.Supp. 976.

The conditions which must be met by a claimant for refund of taxes collected under the Agricultural Adjustment Act are set forth in Section 902, Title VII of the Revenue Act of 1936, 7 U.S.C.A. § 644. One of these is that he bore the burden of the tax. The burden of proof is placed by the act upon the claimant.[2] The evidence is clear that the plaintiff paid the taxes. Upon the issue whether the plaintiff passed the burden of the tax on to its vendees the trial judge found the plaintiff's evidence conflicting to such an extent that much of it he was unable to believe, and he stated in his opinion that "I cannot find any fact upon the basis of it. Hence, I am unable to find as a fact that the plaintiff did sustain the burden of the cotton floor stocks tax here involved." 39 F. Supp. 976, 979. This was a conclusion based not upon a finding that the plaintiff's evidence was insufficient but upon a finding that it was not worthy of credit.

In a case tried without a jury, Civil Procedure Rule 52(a), 28 U.S.C.A. following section 723c governs. The relevant portion of this rule provides that "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." This rule permits review to the extent formerly allowed in federal equity practice. 3 Moore's Federal Practice, § 52.01, p. 3118. In equity if it clearly appeared that the court misapprehended the evidence its findings of fact might be set aside. Pollock v. Jameson, 1934, 63 App. D.C. 152, 70 F.2d 756. The plaintiff contends that the trial judge misapprehended the purport of the testimony of Edward A. Katz, its chief witness, and that it was because of this misapprehension that he found the plaintiff's evidence conflicting and not worthy of belief. We have accordingly examined that testimony in order to determine whether the district court misconstrued it.

Katz's testimony upon direct examination may be summarized as follows: As treasurer of the plaintiff corporation it was his duty to compute the prices. The plaintiff has two selling seasons, January

---

[1] United States v. Butler, Jan. 6, 1936, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914.

[2] Anniston Mfg. Co. v. Davis, 301 U. S. 337, 347–353, 57 S.Ct. 816, 81 L.Ed. 1143.

and August. Prices for articles sold after August 1, 1933 were computed by him in the period from February to June, 1933. In these computations he did not take into account any floor stocks tax. Sales prices set before August 1, 1933 upon 2,508 dozen garments were thereafter increased in an amount totalling $1,482.10 and decreased on 13,469 dozen garments in an amount totalling $12,490.50. No price revisions were made upon 19,843 dozen. The price revisions were not influenced by the tax. For the fiscal year August 1, 1932 to July 31, 1933 the plaintiff had a net profit of $16,501.39, but in the following fiscal year its net profit was reduced to $5,009.81.

Upon cross examination the witness testified that as early as April, 1933 he knew of the possibility of the imposition of a tax upon cotton but that he did not know the rate or amount of the tax.[3] He stated emphatically that the plaintiff made no price increases shortly prior to August 1, 1933. He was thereupon confronted by an affidavit sworn to by him June 14, 1939 and filed with the Commissioner of Internal Revenue in connection with the same claim for refund in which he averred that a "drastic upward revision of the price structure" was made by the plaintiff in the spring of 1933, to be effective August 1, 1933. In explanation the witness stated that he was referring to the increase of $1,482.10 to which he had previously testified and gave it as his opinion that an increase in such an amount upon gross sales of approximately $1,000,000 was drastic. Recalled the following day for re-direct examination the witness testified that the plaintiff did increase its prices prior to August 1, 1933 and that those increases were made necessary by an increase in the cost of materials.

The plaintiff argues that the reason the trial judge found Katz's testimony conflicting was because he did not realize that Katz was referring to two different periods, that is, the period prior to August 1, 1933 to which he referred in his affidavit and redirect examination, and the period subsequent to August 1, 1933, to which he referred in his direct and cross examination. However, we find no evidence that the trial judge was confused on this point for throughout the opinion he differentiates between the two periods and the price increases applicable to each period.[4] Indeed, in holding that the affidavit of the witness was inconsistent with his testimony the court accepted the latter's corrected testimony upon redirect examination that price increases were made by the plaintiff prior to August 1, 1933. The only confusion which we have been able to discover is that displayed by the witness which was such as to amply justify the court in refusing to treat his testimony as credible. We are satisfied that the court did not misapprehend Katz's testimony and that its findings were justified. Accordingly the judgment of the district court is affirmed.

CLARK, Circuit Judge, took no part in the decision of this case.

---

[3] The Agricultural Adjustment Act, 1933, was enacted May 12, 1933, the rate of the floor tax on cotton was determined July 14, 1933 and the effective date of the imposition of the tax was August 1, 1933.

[4] Thus the trial judge states "Edward Katz testified that Plaintiff increased its prices effective August 1, 1933 in the total sum of $1,400.00, and after August 1, 1933 it increased its prices in the total sum of $1,482.10 . . ." While the evidence does not appear to support the definite amount of the earlier price increase mentioned by the trial judge it does clearly support his conclusion that a price increase prior to August 1, 1933 was in fact made.