## ACADIAN PRODUCTION CORPORATION OF LOUISIANA v. LAND.

### No. 11415.

Circuit Court of Appeals, Fifth Circuit.

Feb. 5, 1946.

152

Samuel J. Tennant, Jr., of New Orleans, La., for appellant.

John R. Land, Jr., of New Orleans, La., for appellee.

Before HOLMES, WALLER, and LEE, Circuit Judges.

LEE, Circuit Judge.

John R. Land, Jr., an attorney at law, filed an action in the court below for appointment of a receiver for a certain oil, gas, and mineral lease covering property situated in St. Martin Parish, Louisiana, and for adjudication as owner of an undivided interest in the lease by virtue of two contracts for professional services entered into with Acadian Production Corporation of Louisiana. The District Court in a summary judgment denied an appointment of a receiver but decreed that Land was the owner of an undivided interest in the lease. Upon the first appeal to this Court, we, inter alia, held [1] that summary judgment could not be rendered because the Acadian Production Corporation was entitled to a trial on certain facts in dispute. On remand the District Court tried the case, and upon the evidence gave judgment decreeing Land to be the owner of an undivided .17858886 interest in the said lease, being an interest equal to 1/4 of 68¾% of the 7/8 working interest in the oil, gas, and other minerals. From this judgment the Acadian Production Corporation prosecuted this appeal.

Briefly stated, the facts are: On May 23, 1940, the Iberia Petroleum Corporation instituted suit in the Louisiana State Court against the Acadian Production Corporation to cancel the aforesaid oil, gas, and mineral lease under which the Acadian Production Corporation allegedly claimed 68¾% interest in 7/8 of the oil, gas, and other minerals. On May 28, 1940, the Acadian Production Corporation entered into a contract with Land to prosecute or defend "any and all claims arising directly or indirectly, including, specifically any damage suits instituted on behalf of the Party of the First Part, and the defense of any damage suit filed against Party of the First Part in connection with" the aforesaid property. The May 28, 1940, contract provided that "as full compensation for rendering said legal services, the party of the second part is to receive a sum equal to twenty-five (25%) percent of the amount received in any compromise or settlement, or recovered by judgment, * * *." As instituted, Land sued in this action to be recognized as owner of an undivided interest in the lease under the aforesaid contract and also to be recognized as owner of an additional undivided interest under another contract of employment with Acadian, dated May 20, 1940. On the first appeal to this court we held that Land could recover nothing on the May 20, 1940, contract, and that contract is not in question on this appeal.

■ The appellant here raises two questions: First, it urges that the plaintiff is not entitled to any portion of or interest in the mineral lease for the reason that he did not comply with his contract of employment, but by negligence forced the defendant to employ other counsel. A review of the evidence does not disclose that the finding of the lower court on the question of fact is clearly erroneous. Giving due regard, therefore, to the opportunity of the trial court to judge of the credibility of witnesses, under Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, we will not disturb this finding on this appeal.

■ Secondly it urges that if the plaintiff is entitled to recover anything, he is entitled to recover only 25% of the 68¾% of the 7/8 working interest assigned to the defendant less all interests and assignments prior in date and recordation to May 28, 1940. Prior to May 23, 1940, the date the Iberia Petroleum Corporation filed suit against Acadian, Acadian had executed and recorded fifteen assignments of interest in its 68¾% interest in the 7/8 working interest in the lease. These assignments were recognized in the stipulation entered into among counsel in that suit.[2] Land represented none of these assignees. A

[1] Acadian Production Corporation of Louisiana v. Land, 5 Cir., 136 F.2d 1.

[2] The stipulation provided:

"All interested parties further agree to the recognition of all assignments and oil payments made out of their respective interests which have been recorded as of this date."

provision in the said stipulation that no rights of Land were to be affected by the compromise agreement in no wise changed the fact that the interest owned by Acadian when Land was employed was 68¾% of the 7/8 working interest in the lease less the interests previously conveyed by Acadian to the fifteen assignees referred to. Land, therefore, is entitled to no part of the interest in the lease represented by these assignments. We shall remand this case in order that the judgment may be revised so as to convey to Land only a 1/4 interest in the actual working interest in the lease owned by Acadian at the time it entered into the employment contract with Land.

The judgment appealed from is reversed, and the cause is remanded with directions to enter a judgment in line with the views herein expressed.

Reversed and remanded with directions.