### REID et al. v. NELSON et al.
#### No. 11448.

Circuit Court of Appeals, Fifth Circuit.
April 10, 1946.

See, also, D.C., 4 F.R.D. 199.

James A. Dixon and H. Reid DeJarnette, both of Miami, Fla., for appellants.

Harold B. Wahl, of Jacksonville, Fla., for appellees.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

Plaintiff, Edna Nelson, in her own right as mother, and as next friend of Sandy Lynn Nelson, a 3½ year old minor, sued the defendants, William H. Reid and Jessie Reid, for damages to the child and for loss by the mother of earnings of the minor alleged to have been caused by the attack on Sandy by a Dalmatian dog alleged to belong to defendants. A verdict for the minor in the sum of $2,200 and for the mother in the sum of $8,550 was returned by the jury, on which judgments were entered by the lower Court and allowed to stand.

Section 767.01 of Florida Statutes 1941, F.S.A., makes the owner of a dog liable for any damage which his dog does to sheep, domestic animals, livestock, or persons.[1]

Only two specifications of error are urged on appeal: (1) that there was no evidence upon which a jury could predicate a verdict so excessive; and (2) that the evidence affirmatively shows that Jessie Reid was not the owner of the dog.

We will dispose of the second and easier of the two questions first.

The evidence affirmatively shows that the dog was owned by the husband, William H. Reid. There is no direct evidence to the contrary. It is in evidence that Mrs. Reid referred to the dog as "our dog", but, in the face of the positive testimony that the dog belonged to Mr. Reid and not to his wife, and in the absence of any proof other than the reference by Mrs. Reid to this household pet as "our dog", we hold that the evidence wholly fails to show that Mrs. Reid had any ownership in the dog. The reference of members of a household to a canine member of such household as "our dog" is not sufficient to prove the ownership that the statute fixes as the basis of liability. Such statements by Mrs. Reid, in the absence of direct and undisputed evidence that the dog was the sole property of Mr. Reid, might support a prima facie inference of ownership by the person making such statements, but this would have to give way in the face of positive, undisputed, and unimpeached testimony to the contrary. The test of liability is ownership—not possession or custody.

The question of negligence in the handling of the dog and allowing it to run loose is not involved in this case since it was predicated upon the statute which makes the liability of the owner of a dog absolute for any damages done by it to persons or domestic animals.

Appellants insist that the verdict in favor of the mother for loss of the earnings which she expected the child to receive as a child model during its minority was grossly excessive and wholly lacking in evidence to support such amount. They recognize, in argument, the oft-repeated pronouncement of this Court that "the question whether the verdict is excessive or not is one exclusively for the trial court to determine, and is not subject to be re-examined in a federal appellate court." See Swift & Co. v. Ellinor, 5 Cir., 101 F.2d 131, 132, and cases cited therein.

But they insist that since the decision in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, federal courts in diversity cases should follow the state supreme court which holds that it is its right and duty to consider the question of the excessiveness of verdict and order it reduced in the event it is deemed excessive.

A recent opinion by Judge Sibley in Home Insurance Company of New York v. Tydal Company, 5 Cir., 152 F.2d 309, reveals again that the basis for the holding that this Court lacks jurisdiction to consider the excessiveness of the verdict is found in that part of the Seventh Amendment to the Federal Constitution which says: "And no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

That opinion also points out that the only modes known to the common law whereby such matters were re-examinable were by the grant of a new trial by the trial judge, or by the award of a venire facias de novo by an appellate court for some error of law.

[1] "Owners of dogs shall be liable for any damage done by their dogs to sheep or other domestic animals or livestock, or to persons." § 767.01, Florida Statutes 1941, F.S.A.

■ The decision in Erie R. Co. v. Tompkins, supra, could not have the effect of requiring this Court to follow the state court in disregard of the Seventh Amendment.

■ Motion of the Appellees for the assessment of damages against Appellants for the taking of a frivolous appeal is denied.

The judgment of the Court below is reversed as to Jessie Reid and affirmed as to William H. Reid.

Affirmed as to William H. Reid, and reversed as to Jessie Reid.