**SANDERS v. LEECH et al.**

**LEECH et al. v. SANDERS.**

No. 11688.

Circuit Court of Appeals, Fifth Circuit.

Dec. 2, 1946.

Julius F. Parker and Leo L. Foster, both of Tallahassee, Fla., for appellant.

A. Frank O'Kelley, of Tallahassee, Fla., for appellees.

Before SIBLEY, HUTCHESON, and WALLER, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was for damages for personal injuries resulting from a collision between a motorcycle on which plaintiff was riding and an automobile which was owned and driven by defendants. Tried by the judge without a jury, it resulted in findings and a judgment that defendants were liable to plaintiff and should pay him as damages $14,643.24. Both plaintiff and defendants have appealed.

Plaintiff, assailing the judgment for inadequacy, is here insisting that the undis-

puted proof as to probable loss of earnings by plaintiff established his damages at $36,396.24, and that this court should reverse the judgment for more detailed findings as to the amount of damages with directions to make a more adequate award, or should itself reform the judgment and affirm it for the correct amount.

Defendants urge upon us that the findings and judgment, that they are liable to plaintiff, are without support in the evidence and that the judgment should be reversed. They insist that if wrong in this, plaintiff's attack upon the award of damages as constituting reversible error is without any basis in law or in fact, and the judgment must be affirmed.

■ As to defendants' appeal, it is sufficient, without setting out the evidence, to say that it fully supports the finding that the collision and personal injuries plaintiff suffered were the result of defendants' fault without contributing fault on plaintiff's part, and that the judgment on defendants' appeal must be affirmed.

■ As to plaintiff's appeal, while we do not agree with the defendants' general proposition, that in suits for damages tried to a court without a jury the judge's findings of fact are conclusive on appeal, we do think it quite plain that the judgment in this case may not be reversed. The rule invoked by defendants, that in an action at law the question of the amount of damages is a question of fact to be settled in the trial court[1] and cannot be reexamined in the appellate court for excessiveness or insufficiency, has always been and still is in jury cases, because of the 7th Amendment, an absolute rule.[2] Prior to the adoption of the New Federal Rules of Procedure, 28 U.S.C.A. following section 723c, it applied by force of statute[3] with equal vigor to awards of damages made in trial courts in law cases tried without a jury. Since their adoption, however, all findings of fact, and this includes findings as to damages, made by a trial court on waiver of jury are reviewable in this court, subject to the provisions of Rule 52(a) that "Findings of fact shall not be set aside unless clearly erroneous." Under that rule, as it plainly reads and has been interpreted by the courts, it is not for the appellate court to substitute its judgment on disputed issues of fact for that of the trial court where there is substantial credible evidence to support the finding.[4] It may reverse, though, under the rule (1) where the findings are without substantial evidence to support them; (2) where the court misapprehended the effect of the evidence; and (3) if, though there is evidence which if credible would be substantial, the force and effect of the testimony considered as a whole convinces that the finding is so against the great preponderance of the credible testimony that it does not reflect or represent the truth and right of the case.[5]

■ In examining the record in this case in the light of these views, it must be borne

[1] Mason City & Ft. D. R. Co. v. Boynton, 8 Cir., 158 F. 599; United States v. McGourin, 5 Cir., 106 F. 288.

[2] Swift & Co. v. Ellinor, 5 Cir., 101 F. 131; Reid v. Nelson, 5 Cir., 154 F.2d 724; Home Ins. Co. of New York v. Tydal Co., 5 Cir., 152 F.2d 309.

[3] 28 U.S.C.A. § 773 (R.S. 649), 875 (R.S. 700), 879 (R.S. 1011); Tyng v. Grinnell, 92 U.S. 467, 23 L.Ed. 733; Dooley v. Pease, 180 U.S. 126, 21 S.Ct. 329, 45 L.Ed. 457. In Security Nat. Bank v. Old Nat. Bank, 8 Cir., 241 F. 1, at page 6, the rule is thus expressed: "Whether or not they are supported by the agreed facts and the evidence is the question whether or not they are sustained by the weight of the evidence, and that is a question of fact, which, in a trial of an action at law by the court, as in the trial of such an action by a jury, the national courts are forbidden by the Constitution and the law to review. Seventh Amendment to the Constitution; Rev.Stat.U.S., §§ 649, 700 [28 U.S.C.A. §§ 773, 875]; Barnsdall v. Waltemeyer, 8 Cir., 142 F. 415, 417, 73 C.C.A. 515, 517.

[4] Acadian Production Corp. of Louisiana v. Land, 5 Cir., 153 F.2d 151.

[5] Katz Underwear v. United States, 3 Cir., 127 F.2d 965; McIntosh v. Leisk, 5 Cir., 95 F.2d 164; State Farms v. Bonacci, 8 Cir., 111 F.2d 412; Aetna v. Kepler, 8 Cir., 116 F.2d 1; Fleming v. Palmer, 1 Cir., 123 F.2d 749; United States v. States St., 1 Cir., 124 F.2d 948; Cleo Syrup Co. v. Coca Cola, 8 Cir., 139 F.2d 416, 150 A.L.R. 1056.

in mind that what is brought in question here is not whether in determining the existence of a fact or facts, the trial court correctly apprehended and announced the effect of the evidence. It is whether in awarding unliquidated damages in this case the district judge, in drawing demanded or permissible inferences from the evidence and in making the determination as to the extent of the injury and the sum in money which if paid in hand will fairly compensate the plaintiff for his injury, fairly and reasonably exercised his discretion and wisely and justly gave judgment in the cause.

Appellant presents the question for review and urges it upon us as though the suit were for liquidated damages, that is as though the amounts to be awarded were definitely and precisely fixed by positive and undisputed evidence.

The truth is quite the contrary. Expenses, $2643.24, were indeed liquidated. Outside of these, as the very statement of plaintiff's claims, as "estimated", and the very nature of his proof make quite clear, there is nothing fixed or definite in the proof, and, therefore, no basis in it for his demand that the judgment must be reformed and affirmed here or reversed with directions to increase the damages awarded.

In so far as plaintiff asks us to increase and affirm the judgment, he is asking us, in a case here for review of errors and not for trial de novo, to assume the role of the trial judge, a role we may not play. In so far as he asks us to reverse the judgment with directions to the trial judge to itemize and increase the damages awarded, he is asking us to find on evidence which does not afford any definite basis for such determination that the finding of the judge awarding damages was clearly erroneous.

In these circumstances it is not our duty to determine whether, if we were triers, we would have awarded damages in the same, a greater, or a less amount. It is our duty to determine only whether we can say that the amount awarded was so inadequate that it was clearly erroneous, that is unjust. The evidence furnishes no basis for determination that it was.

The judgment is affirmed.