## SEDERBERG v. CALVERT et al.
### No. 13276.

United States Court of Appeals,
Fifth Circuit.

March 22, 1951.

Geo. F. Woodliff, Jackson, Miss., for appellant.

Shelby R. Rogers, Bob Ray, P. H. Eager, Jr., and Hubert S. Lipscomb, all of Jackson, Miss., for appellees.

Before HUTCHESON, Chief Judge, and McCORD and BORAH, Circuit Judges.

PER CURIAM.

Brought against three defendants, Calvert, McCullough, and Watts, the suit was for damages for personal injuries sustained in an automobile collision.

The claim against McCullough and Calvert was: that defendant McCullough, while acting within the scope of his authority on the business of his employer, Calvert, negligently operated an automobile being driven by him causing it to collide with plaintiff's car and injure him.

The claim against defendant Watts was: that the driver of a car owned by him, which was proceeding along the highway ahead of McCullough, negligently signaled McCullough that the road ahead and over the crest of the hill was clear for McCullough to pass; and that this negligent signal combined with McCullough's negligence to cause the collision.

The defendants denied negligence and responsibility and pleaded that plaintiff was contributorily negligent.

A jury having been waived, and the case fully tried to the court without a jury, the court delivered and filed an opinion stating his views on the questions of liability and damage, in which he found and held: that plaintiff had been damaged in the amount of $10,000, but because of his contributory negligence he should recover only $7500; that he should recover this sum from McCullough, who had been primarily negligent; that he was not entitled to recover against Calvert because McCullough was not at the time and under the circumstances acting for or on behalf of Calvert or in any way as his employee, but was on a mission entirely of his own; and that he could not recover of Watts because the driver of Watt's car was guilty of no negligence which contributed in any respect to the collision.

Plaintiff is here seeking a reversal of the judgment in so far as it was adverse to him.

We have given the most careful consideration to the record, the briefs, and the arguments, and are in no doubt that the appeal presents no disputed questions of law, but only the single question whether the findings the judge made, or any of them, are clearly erroneous within the meaning of the settled law.[1]

---

1. Cf. Sanders v. Leach, 5 Cir., 158 F.2d 486.

718

The same careful examination convinces us that, except in respect of the finding that plaintiff was guilty of contributory negligence, there is no basis in the record for the view that any of the fact findings are so erroneous. It will, therefore, serve no useful purpose to set out and discuss the facts in detail. It will suffice for us to say, as we do, that the judgment will be modified by allowing plaintiff to recover of McCullough the $10,000 found as the amount of his damages, and, as so modified, it will be affirmed.

Modified and affirmed with costs of appeal against McCullough.