William SEALE, the Estate of J. B. Hooks, Deceased, and the Estate of George W. Hooks, Deceased, Appellants,

v.

UNITED STATES of America, Appellee.

No. 16448.

United States Court of Appeals Fifth Circuit.

April 9, 1957.

James D. McNicholas, Beaumont, Tex., Keith, Mehaffy, McNicholas & Weber, Beaumont, Tex., for appellant.

Elizabeth Dudley, Roger P. Marquis, Richard C. Peet, Dept. of Justice, Washington, D. C., Perry W. Morton, Asst. Atty. Gen., William M. Steger, U. S. Atty., Jack R. King, Asst. U. S. Atty., Beaumont, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and TUTTLE, Circuit Judges.

PER CURIAM.

Appealing from an award in a condemnation suit, tried to the court without a jury, appellants are here insisting that, under the principles governing review, the finding that two dollars per mineral acre was full compensation for the right to flood the lands taken was clearly erroneous and the judgment must be reversed.

Fully recognizing the heavy burden they are under, but pointing to the evidence of their witnesses that the taking of their mineral acres for flooding the land has decreased their value from fifteen dollars to two or three dollars per acre, with the only contrary evidence that of the government witness that it has not decreased it at all, appellants insist that, under the teachings of Sanders v. Leech, 5 Cir., 158 F.2d 486 and Western Cotton Oil Co. v. Hodges, 5 Cir., 218 F.2d 158, the findings may not stand.

On its part, the United States, pointing to the testimony of the government's witness, that the taking for the dam and the consequent flooding of the land would not affect and had not affected the value of the reserved mineral acres, insists that the findings were well within the scope of the evidence and the authority and discretion of the district judge, and that the judgment must be affirmed.

We fully understand and can sympathize with the disappointment of the appellants that the district judge did not accept the opinion testimony of their witnesses, that the taking deprived them of nearly all of the value of their mineral interests. We, ourselves, find it difficult to determine just how the district judge arrived at the figure of two dollars per acre fixed by him as just compensation when their witnesses fixed the loss of value at from twelve to thirteen dollars per acre, and the government's witness said there was no loss of value. It is not, however, required that we agree with his findings. It is sufficient for us that we cannot, upon the evidence as a whole, determine that the finding was clearly erroneous as not within the evidence, and that, since we cannot do so, we may not interfere with the finding or with the judgment based on it. Stephens v. United States, 5 Cir., 235 F. 2d 467; Phillips v. United States, 2 Cir., 148 F.2d 714; Westchester County Park Commission v. United States, 2 Cir., 143 F.2d 688; Reuter v. Eastern Air Lines, 5 Cir., 226 F.2d 443; Chapman v. United States, 10 Cir., 169 F.2d 641; Love v. United States, 8 Cir., 141 F.2d 981; Hickey v. United States, 3 Cir., 208 F. 2d 269.

The judgment is affirmed.