Walter G. STERLING and Ruth E. Sterling, Appellants,

v.

UNITED STATES of America, Appellee.

No. 20502.

United States Court of Appeals Fifth Circuit.

Nov. 26, 1963.

Gewin, Circuit Judge, dissented.

Virgil Childress, Houston, Tex., for appellants.

Louis F. Oberdorfer, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., Woodrow B. Seals, U. S. Atty., Houston, Tex., Harry Baum, Michael I. Smith, Robert A. Bernstein, Attys., Dept. of Justice, Washington, D. C., John B. Jones, Jr., Acting Asst. Atty. Gen., Meyer Rothwacks, Department of Justice, Washington, D. C., James R. Gough, Asst. U. S. Atty., for appellee.

Before HUTCHESON and GEWIN, Circuit Judges, and HOOPER, District Judge.

HUTCHESON, Circuit Judge.

This is an appeal from the judgment of the District Court for the Southern District of Texas in a suit for refund of income taxes. For the reasons hereafter stated we reverse the judgment.

The district court's findings appear in 214 F.Supp. 831. Section 402(a) (2) of the Internal Revenue Code of 1954 essentially provides that distribution from an exempt trust paid on account of the employee's separation from the service shall be taxable as a gain from the sale or exchange of a capital asset held for more than six months, that is at capital gains rates.

The taxpayer, invoking this statute, claimed the right to capital gains treatment on the sum of $27,197.80, which he had received from T.G.T. Retirement Income Plan, a tax exempt trust. The commissioner determined that $933.75 of that amount which had been paid by Sterling himself into the plan was not taxable and the balance of $26,264.05 was taxable, not as capital gain but as ordinary income. The commissioner defended the suit on the ground that, though Sterling had received the payment from the T.G.T. Retirement Income Plan, upon expiration of his contract of October 3, 1950, which he had made with a subsidiary of T.G.T., Sterling Oil & Gas Company, Sterling was not entitled to capital gains treatment because he was not an employee. The contract, under which the

money was set aside for him, provided in part as follows:

"Sterling covenants and agrees that he will continue to make his services available to the company on a full time basis for a period of five years beginning October 1, 1950, and ending September 30, 1955, not as an officer or employee, but in acting and fulfilling the duties, according to the by-laws of the company, and as from time to time, of Chairman of the Board of Directors as and when elected to such position, and in the performance of such other duties and services as he may be called upon to perform from time to time which are commensurate with such position and with Sterling's qualification and ability, in connection with transactions or projects which the company may undertake or any of the company's other affairs upon which Sterling's assistance may be required. Sterling will provide his own office, officer personnel, furnishings and equipment at his own expense, and the company will not be chargeable with any part thereof."

The contract of October 3, 1950, also provided:

" * * * Sterling hereby covenants and agrees that he will not engage or in any manner become interested, directy or indirectly, in any business, trade or occupation competitive with the business carried on by the company in the State of Texas and Louisiana during the term of this agreement. * * * "

There was abundant testimony and no contradiction thereof, that the moneys had been paid into T.G.T. Retirement Fund for repayment out of it to Sterling at the time he ceased his employment under his contract, and they were so paid.

The district judge, in his findings and conclusions sustained the view of the commissioner and rejected Sterling's refund claim.

After careful consideration of the facts, either stipulated or undisputed as they are, we are constrained to say that the conclusion of the district judge is clearly erroneous as contrary to the truth and right of the case. Sanders v. Leech, 5 Cir., 158 F.2d 486. The taxpayer was an eligible and recognized beneficiary of the fund. The things that he did under the contract were not fantasies but realities. The decision denied the taxpayer the statutory treatment afforded to payments from such funds, and the decision failed to follow the statute not on grounds which the statute contemplated and provided for but on grounds of what in the eyes of some of the writers cited in the appellee's brief, particularly Eckerman, "The Unrationalized Capital Gains Treatment of Lump-Sum Termination Distributions from Qualified Pension, Profit-Sharing and Annuity Plans", 7 Syracuse Law Review 1 (1955), the statute ought to have provided. In short, the decision seems to have been based on contentions as to what the policy of the statute ought to be, not on what it actually provides.

The judgment is, therefore, reversed on the grounds that it refuses to recognize the undisputed and unchangeable facts that Sterling was the recognized beneficiary of a fund, established under the statute, and the payment to him in question must be given the effect accorded by statute to payment from such funds, and the cause is remanded for further and not inconsistent proceedings.

Reversed and remanded.

GEWIN, Circuit Judge (dissenting).

In my view the opinion of the District Court, 214 F.Supp. 841, is well reasoned and reaches the correct result. The evidence amply supports the facts found by the trial court; and the facts so found support the legal conclusions reached. It is obvious to me that the evidence repels the idea that Sterling was an employee, and conclusively shows that he was not an employee. Accordingly, the money received should be taxed as ordinary income as decided by the trial court.

I respectfully dissent.