Mrs. Rosa Lee Craft ROUSSEAUX, Stonewall Jackson Craft and Alan Craft, Jr., Appellants,

v.

UNITED STATES of America, Appellee.

No. 24393.

United States Court of Appeals Fifth Circuit.

May 7, 1968.

Michael D. Haas, Bay St. Louis, Miss., for appellants.

Edwin L. Weisl, Jr., Asst. Atty. Gen., William M. Cohen, Roger P. Marquis, Attys., Dept. of Justice, Washington, D. C., Robert E. Hauberg, U. S. Atty., and Edwin R. Holmes, Jr., Asst. U. S. Atty., Jackson, Miss., for appellee.

Before GEWIN and COLEMAN, Circuit Judges, and HUGHES, District Judge.

PER CURIAM:

The appellants (landowners) are attacking a condemnation action in which restrictive use easements were acquired across two tracts of land totaling ninety acres owned by them in Hancock County, Mississippi. The easement, which prohibited human habitation or the construction of buildings for such habitation, was imposed in connection with the National Aeronautics and Space Administration's requirement for a protective buffer zone to surround the Mississippi Test Facility where rockets would be test fired. The action was brought in the United States District Court for the Southern District of Mississippi, and pursuant to Rule 71A(h), F.R.Civ.P., the court appointed a three man commission to hear the evidence and make findings as to just compensation. The commission held its hearings and awarded appellants $2,550. Appellants filed objections which the district court overruled. An order was then entered by the court confirming the commission's report. From this order the landowners appeal. We affirm.

The commission was correctly charged that just compensation was to be determined by subtracting the fair market value of the land after the taking from its pre-taking fair market value. The parties did not dispute that the highest and best use of the land after the easement was imposed was for growing timber. However, the highest and best use of the land before the taking was sharply contested, as was the issue of value. Both sides presented expert witnesses and conflicting evidence to support their separate positions. The commission entered findings and conclusions which more nearly conformed to the government's contention that the optimum pre-taking use of the land was for the growing of timber, as opposed to appellant's contention that its highest and best use was for homesites, cultivation and timberland.

Appellants challenge the award in this court on the grounds that (1) the awards were inadequate and not based upon valid evidence, (2) the commission erroneously classified the community of Santa Rosa as a "hamlet" and considered matters outside the record, (3) the commission erroneously accepted the testimony of the government's expert witness rather than the expert presented by appellants, and (4) the findings of the commission were arbitrary and conclusory.

This appeal is basically an attempt to have this court review the

conflicting facts which were before the commission. However, it is not our function to reweigh the evidence. Evans v. United States, 326 F.2d 827 (8 Cir. 1964); Buena Vista Homes, Inc. v. United States, 281 F.2d 476 (10 Cir. 1960); United States v. Glanat Realty Corp., 276 F.2d 264 (2 Cir. 1960); Seale v. United States, 243 F.2d 145 (5 Cir. 1957); Stephens v. United States, 235 F.2d 467 (5 Cir. 1956). As stated in Buena Vista Homes v. United States, supra:

> "This court will not assume the function of retrying the facts. A finding based on sharply conflicting evidence is conclusively binding here."

Similarly the report of the commission measures up to the standards required in United States v. Merz, 376 U.S. 192, 84 S.Ct. 639, 11 L.Ed.2d 629 (1964). After carefully reviewing the entire record in light of appellants' contentions, we find no error in the proceedings below and the judgment is affirmed.